**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is only binding on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4069-14T4

RAYMOND TREPKAU,

    Plaintiff-Appellant,

v.

ST. CLARE'S HOSPITAL,

    Defendant-Respondent.

_____

Argued September 28, 2016 — Decided August 24, 2017

Before Judges Fuentes, Simonelli and Gooden
Brown.

On appeal from the Superior Court of New
Jersey, Law Division, Morris County, Docket
No. L-1686-14.

Patrick P. Toscano, Jr., argued the cause for
appellant (The Toscano Law Firm, LLP,
attorneys; Mr. Toscano, of counsel and on the
brief).

Michael A. Moroney argued the cause for
respondent (Decotiis, FitzPatrick, Cole &
Giblin, LLP, attorneys; Mr. Moroney, of
counsel; Randall S. Watts, on the brief).

PER CURIAM

    Plaintiff Raymond Trepkau appeals from an order of the Law

Division dismissing his professional malpractice and ordinary

negligence complaint against the emergency room nursing staff employed by defendant St. Clare's Hospital (Hospital). We reverse and remand for further proceedings consistent with this opinion. We derive the following facts from the limited record developed before the Law Division.

On July 9, 2014, plaintiff filed a complaint against the Hospital and other unidentified defendants under the fictitious party rule,[1] alleging medical and nursing malpractice and ordinary negligence in connection with the treatment and care he received on June 11, 2013. Specifically, plaintiff alleged he went to the Hospital's emergency room complaining of "several ailments limiting his ability to independently care for and properly ambulate himself while undergoing tests[.]"

By virtue of a Consent Order dated December 1, 2014, the court vacated the default judgment it had previously entered against the Hospital for failure to submit a timely responsive pleading and permitted the Hospital to file an answer. Because plaintiff's cause of action was predicated in part on alleged professional malpractice, plaintiff was required to comply with

---

[1] "'The purpose of [the fictitious party rule] is to render timely the complaint filed by a diligent plaintiff, who is aware of a cause of action against an identified defendant but does not know the defendant's name.'" Bustamante v. Borough of Paramus, 413 N.J. Super. 276, 299 (App. Div. 2010) (quoting Greczyn v. Colgate-Palmolive, 183 N.J. 5, 11 (2005)); see also R. 4:26-4.

2

the requirements of the Affidavit of Merit Act, N.J.S.A. 2A:53A-27 to -29. Thus, on December 22, 2014, plaintiff's counsel sent defense counsel an affidavit of merit authored by Thomas Bojko, M.D., M.S., J.D., FCLM. In this document, Dr. Bojko averred he was "licensed to practice medicine in the states of New York and New Jersey." With respect to the allegations of medical and nursing malpractice, Dr. Bojko made the following assertions in numbered paragraphs:

> 3. I have reviewed the medical records and other pleadings available to . . . [p]laintiff to date concerning the allegations of gross medical malpractice.
>
> 4. I am familiar with the applicable standard of care relative to the allegations . . . [p]laintiff has made.
>
> 5. It is my opinion that St. Clare's Hospital and certain employees breached the standard of care by failing to provide proper care to . . . [p]laintiff, relative to the allegations . . . [p]laintiff has made concerning falling and severely/permanently injuring [his] ankle.

On February 19, 2015, the trial judge assigned to manage the case met with counsel. The parties dispute as to the nature of what occurred at this conference. Although it appears the judge intended to conduct a Ferreira[2] conference, we cannot determine what was actually discussed at this "conference" because it was

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

not conducted on the record. We do know that on March 2, 2015, after this off-the-record discussion had occurred, the trial judge entered an order dismissing plaintiff's complaint "without prejudice for . . . failure to satisfy the requirements of the Affidavit of Merit statute, N.J.S.A. 2A:53A-27[.]" We infer the judge decided to take this action on his own initiative because defendant did not file a motion seeking this or any other relief. The judge also failed to explain the basis for taking this action, as required under Rule 1:7-4(a).

In the Hospital's appellate brief, defense counsel claims the trial judge put plaintiff "on notice" of multiple deficiencies in Dr. Bojko's affidavit of merit. However, defense counsel neither identifies the nature of these alleged "deficiencies" nor elaborates on the factual or legal bases for the judge's alleged concerns. Plaintiff's position in this appeal is equally opaque. In the procedural history section of his appellate brief, plaintiff's counsel states that "[o]n February 19, 2015, the trial court held a Ferreira conference." However, in the legal argument section, plaintiff's counsel emphatically states: "The trial court herein did not conduct a Ferreira conference as required by controlling case law."

On March 19, 2015, seventeen days after the trial court dismissed plaintiff's complaint without prejudice, plaintiff's

counsel sent defense counsel a letter transmitting a second affidavit of merit authored by Dr. Bojko. This second affidavit of merit is nearly identical to the first affidavit dated December 22, 2014. The only differences are found in paragraphs 4 and 5. In the interest of clarity, we reveal the differences in language in these two affidavits by underlining the language that was added to paragraphs 4 and 5 in the second affidavit:

> 4. I am familiar with the applicable standard of care relative to the allegations . . . [p]laintiff has made and with the applicable nursing standard of care specifically.
>
> 5. It is my opinion that certain nurses at St. Clare's Hospital breached the nursing standard of care by failing to provide proper care to . . . [p]laintiff, relative to the allegations . . . [p]laintiff has made concerning falling and severely/permanently injuring [his] ankle.

In the letter transmitting the second affidavit of merit, plaintiff's counsel asked defense counsel to "execute a Consent Order reinstating Count Two of our Complaint." By limiting his request in this fashion, plaintiff's counsel revealed an assumption that the ordinary negligence count in the complaint remained legally viable. However, the trial court's March 2, 2015 order dismissing plaintiff's complaint without prejudice contains no language exempting any of plaintiff's causes of action. Finally, plaintiff's counsel concluded this part of his letter by apprising defense counsel that if he did not voluntarily agree to

reinstate the complaint, plaintiff would file "the appropriate motion pursuant to Rule 4:9-1[.]"

On April 24, 2015, the trial judge heard oral argument on plaintiff's "motion to file an amended complaint" and defendant's "cross-motion to dismiss . . . plaintiff's complaint[] with prejudice." The judge decided to hear argument in support of defendant's cross-motion first:

> DEFENSE COUNSEL: Your Honor's [sic] previously dismissed plaintiff's complaint, ruling that Mr. Botchco[3] was not qualified to opine as to the provision of nursing services in an emergency room setting.
>
> We were before Your Honor on February 19th of this year, when Your Honor dismissed the complaint. The complaint is dismissed. Initially, plaintiff now seeks leave of the court to amend that complaint which, we submit, is not proper because there's no complaint pending. The complaint would need to be reinstated before it could be amended.
>
> But the real gist of the motion is whether or not the affidavit of merit that was provided by Mr. Botchco satisfies the statute.

In response, plaintiff's counsel noted that to support his motion to amend the complaint, he had attached an amended affidavit of merit from Dr. Bojko "which we believe more than satisfies [N.J.S.A. 2A:53A-27], [and] as a result of that, we filed [a] notice of motion under [Rule] 4:9-1[.]" The judge responded that

---

[3] We presume defense counsel was referring to Dr. Bojko.

plaintiff's motion to amend the complaint was premature because "[y]ou can't amend a complaint that's been dismissed. . . . [Y]ou have to reinstate it first." As the argument continued, the judge told plaintiff's counsel that he did not see "any difference between the other affidavit and this one. You still have an affidavit by a doctor asserting that a nurse is negligent."

In response, plaintiff's counsel pointed out that Dr. Bojko had inserted the following language in paragraph 3 of his third affidavit of merit, dated April 6, 2015: "Throughout my career, and in my roles as a senior medical executive and hospital administrator, I have been often involved in the teaching and supervision of nurses, and in participating in the development of many policies concerning nursing practice." Aside from this language, the affidavit is identical to its previous version. Plaintiff's counsel further argued that because he named the allegedly negligent nurses who treated plaintiff as John Does pursuant to Rule 4:26-4, and because discovery had not yet revealed the identity of those nurses, he had tolled the running of the sixty-day period for serving an affidavit of merit. See N.J.S.A. 2A:53A-27.

Although the judge was skeptical about the merits of plaintiff's arguments, he reserved decision at the conclusion of oral argument. By order dated May 5, 2015, the judge dismissed

plaintiff's complaint with prejudice "for . . . failure to satisfy the requirements of the Affidavit of Merit statute, N.J.S.A. 2A:53A-27[.]" The judge also denied plaintiff's motion to amend the complaint. The judge did not place his reasons for reaching these decisions on the record. Nor did he provide a written statement of reasons as required by Rule 1:7-4(a).

In this appeal, plaintiff argues the trial judge failed to conduct an appropriate Ferreira conference. Plaintiff further argues the judge improperly dismissed the ordinary negligence count of his complaint with prejudice. In response, defendant argues the judge properly dismissed plaintiff's complaint with prejudice because plaintiff's counsel "was placed on appropriate notice with respect to the deficiencies [of] the affidavit of merit." Finally, defendant argues the judge properly dismissed plaintiff's ordinary negligence claim because nurses are "licensed professionals" under N.J.S.A. 2A:53A-26i.

We reverse and remand this matter to the trial court to conduct a proper Ferreira conference and to permit the parties to conduct discovery and thereafter engage in proper motion practice if necessary. In Meehan v. Antonellis, 226 N.J. 216, 241 (2016), the Supreme Court held that a timely and effective Ferreira conference "is designed to identify and resolve issues regarding the affidavit of merit that has been served or is to be served."

The Court held that to this end, "all participants must be prepared to identify at the conference the general area or specialty involved in the action and whether the defendant was providing professional services within that profession or specialty." Ibid.

Here, the judge conducted an off-the-record discussion with the attorneys and thereafter made no effort to memorialize what had transpired therein. If the judge intended to conduct a Ferreira conference, he should have done so on the record. Then, the judge could have expressed his concerns regarding plaintiff's affidavit of merit and set a clear and definite timeframe to address those concerns. Instead, the order that emerged from this off-the-record discussion dismissed plaintiff's complaint without prejudice and was otherwise silent about the issues surrounding Dr. Bojko's affidavit.

"Trial judges are under a duty to make findings of fact and to state reasons in support of their conclusions." Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996) (citing R. 1:7-4). Meaningful appellate review cannot take place unless the trial judge sets forth the reasons for his decision. Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). The Law Division's order dismissing plaintiff's complaint in this case is impervious to meaningful appellate review and must be vacated.

9                                                              A-4069-14T4

On remand, the judge assigned to this case must conduct a _Ferreira_ conference guided by the statute's dual purpose of "weed[ing] out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." _Hubbard v. Reed_, 168 _N.J._ 387, 395 (2001). The judge must keep in mind that in adopting the Affidavit of Merit Act, the Legislature did not intend to "create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims." _Mayfield v. Cmty. Med. Assocs., P.A._, 335 _N.J. Super._ 198, 209 (App. Div. 2000).

That being said, the statute requires plaintiffs to provide a formal affidavit in which an appropriately credentialed physician or licensed professional attests to a reasonable probability that the defendant's conduct breached the applicable standard of care. _Buck v. Henry_, 207 _N.J._ 377, 382 (2011) (quoting _N.J.S.A._ 2A:53A-27). Absent "extraordinary circumstances," the failure to provide such an affidavit within the specified statutory period results in a dismissal with prejudice. _Alan J. Cornblatt, P.A. v. Barow_, 153 _N.J._ 218, 242—45 (1998). On remand, the judge assigned to this case must make specific findings to determine whether the Law Division's failure to conduct a proper _Ferreira_ conference on the record constitutes "extraordinary circumstances"

warranting the relaxation of the statute's draconian remedy of dismissal with prejudice.

Finally, the motion judge also erred in dismissing plaintiff's cause of action predicated on ordinary negligence. First, the judge did not make any findings or state any reasons for this decision, in clear violation of Rule 1:7-4(a). Second, although nurses are licensed professionals under N.J.S.A. 2A:53A-26i, a cause of action predicated on ordinary negligence can be maintained if the negligence asserted by plaintiff falls within the purview of the common knowledge doctrine. As the Supreme Court explained in Hubbard, supra, 168 N.J. at 390:

> Because we do not believe that the Legislature intended to burden a plaintiff with the affidavit requirement when expert testimony is not required at trial to establish the defendant's negligence, we hold that an affidavit need not be provided in common knowledge cases when an expert will not be called to testify "that the care, skill or knowledge . . . [of the defendant] fell outside acceptable professional or occupational standards or treatment practices."

> [Ibid. (quoting N.J.S.A. 2A:53A-27).]

In his appellate brief, plaintiff claims he experienced dizziness and weakness while being treated for gastrointestinal symptoms at the Hospital's emergency room. He requested a wheelchair or other form of ambulatory assistance so he could have ready access to a nearby bathroom. He alleges the treating nurses

11

A-4069-14T4

denied this request, thereby causing him to fall and injure himself. These allegations were neither supported by competent evidence nor reviewed and analyzed by the motion judge. Given the paucity of competent material facts concerning this issue, the judge's decision to dismiss plaintiff's complaint with prejudice was clearly erroneous. However, we do not express any opinion as to whether plaintiff will be able to maintain a legally viable claim based on ordinary negligence against the unnamed nurses.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION